UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTY RAMIREZ,<br><br>             Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, Commissioner of Social Security,<br><br>             Defendant. | No. 1:20-cv-00515-GSA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR EAJA FEES**<br><br>**(Doc. 24)** |

### I.     Introduction

On April 10, 2020 Plaintiff Christy Ramirez ("Plaintiff") sought judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her applications for disability insurance benefits and supplemental security income pursuant to Titles II and XVI, respectively, of the Social Security Act.  The Court found that substantial evidence and applicable law did not support the ALJ's decision.  On June 28, 2021 the Court issued an opinion directing entry of judgment in favor of Plaintiff and remanding the matter to the agency for further proceedings.  Doc. 22.  Judgment was entered the same day.  Doc. 23.

Plaintiff now moves for an award of attorneys' fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).  Doc. 24.  In support of the request for $10,668.77 in fees, Plaintiff's counsel filed a declaration containing billing and time records.  Doc. 24-1.  The Commissioner opposes the motion arguing reductions are warranted for time spent on unmeritorious arguments and clerical tasks.  Doc. 25.

**II.     Discussion**

    **A.     Substantial Justification**

          **1.     Legal Standard**

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

A plaintiff appealing a denial of Social Security benefits need not be awarded benefits to be considered a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993). A plaintiff who obtains a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is also considered a prevailing party under the EAJA. *Id.* A prevailing party is entitled to a fee award when the position of the United States was not substantially justified. *See* 28 U.S.C. § 2412(d)(1)(B). While the prevailing party must only allege that the position of the United States was not substantially justified, the United States must carry the burden of establishing substantial justification. *See* 28 U.S.C. § 2412(d)(1)(B); *Scarborough v. Principi*, 541 U.S. 401, 414 (2004).

"To establish substantial justification, the government need not establish that it was correct or 'justified to a high degree' . . . only that its position is one that 'a reasonable person could think it correct, that is, has a reasonable basis in law and fact.'" *Ibrahim v. DHS*, 912 F.3d 1147, 1167 (9th Cir. 2019) (en banc) (quoting *Pierce v. Underwood*, 487 U.S. 552 (1988)). The substantial justification standard is satisfied if there is a "genuine dispute" of fact or law, even if the court ultimately rules against the government. *See Pierce*, 487 U.S. at 565. The determination of

substantial justification is within the discretion of the district court. *Pierce v. Underwood*, 487 U.S. 552 (1988); *McDonald v. Sec'y of Health & Hum. Servs.*, 884 F.2d 1468, 1473 (1st Cir. 1989).

Pursuant to 28 U.S.C. § 2412(d)(2)(D) "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based . . .'" Thus, the substantial justification standard applies not only to the underlying agency action in denying benefits, but also to the legal and factual positions advanced by the government's attorneys during the litigation.

## 2. **Analysis**

The Court found the ALJ's decision unsupported by substantial evidence insofar as the RFC reflected that Plaintiff could handle and finger frequently notwithstanding the fact that all clinical evidence of record established that Plaintiff had zero grip strength in her dominant hand following her stroke. That clinical evidence amply supported Plaintiff's testimony as to her limitations using her dominant hand. Op. at 12-16, Doc. 22. The error was harmful given the VE's testimony that a reduction even to occasionally fingering and handling with either hand would eliminate the available sedentary job base. *Id.* In opposing the instant fee motion, Defendant does not argue that her position on this issue was substantially justified.

The Court also briefly addressed Plaintiff's alternative argument regarding her treating physician's opinion:

> Plaintiff's third argument concerns a one-page certification form for in-home supportive care services (IHSS) on which Dr. Rad recommended IHSS because Plaintiff was unable to independently perform "one or more" ADLs due conditions and limitations that would persist for 12 months. AR 677. The document did specify the conditions or limitations in question or the clinical findings in support. Existing case law does suggest that an ALJ should not reject a treating physician's opinion solely because it was offered in a different context than social security proceedings (such as worker's compensation).[1] Nevertheless, Plaintiff offers little to no explanation as to what changes to her RFC, if any, would have logically followed had the ALJ credited the IHSS certification form as true. In any event,

---

[1] *See, e.g.*, *Booth v. Barnhart*, 181 F. Supp. 2d 1099, 1103 (C.D. Cal. 2002).

3

> because the Court finds the ALJ's decision unsupported for independent reasons, remand is appropriate without regard to Plaintiff's third argument.

Op. at 8.

In opposing the instant fee motion, Defendant does not overtly argue that her position in opposing Plaintiff's third argument was substantially justified, but Defendant does argue that the 11 hours of time Plaintiff's counsel spent on this "unfruitful argument" should be deduction from the fee amount, among other deductions.

### B.   Fee Amount

#### 1.   Legal Standard

Having determined a fee award is appropriate, the Court must consider the reasonableness of the fee request. *See* 28 U.S.C. § 2412(d)(2)(A). The Court has an "independent obligation for judicial review of the reasonableness of the amount of fees sought under the EAJA regardless of whether the request is opposed." *Douzat v. Saul*, 2020 WL 3408706, at *1 (D. Nev. June 11, 2020), citing *Lucas v. White*, 63 F. Supp. 2d 1046, 1060 (N.D. Cal. 1999). "This obligation is consistent with Ninth Circuit precedent outside the EAJA context that similarly highlights the Court's duty to review the reasonableness of a fee request." *Id,* citing *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992) (in addressing request for fees under 42 U.S.C. § 1988, indicating that "the district court is required to independently review [a] fee request even absent . . . objections").

Under fee shifting statutes, the movant generally bears the burden of documenting hours and establishing reasonableness of the fee request. *See, e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). In addition to the overall fee request, each individual billing entry is also subject to scrutiny. *Spegon v. Catholic Bishop*, 175 F.3d 544, 552 (7th Cir. 1999). Counsel is entitled to compensation for all work a reasonable and prudent lawyer would undertake to advance her client's interests. *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982).

EAJA hourly rates are capped at $125.00 per hour plus annual cost of living adjustments pursuant to the formula set forth in *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005), and published electronically by the Ninth Circuit Court of Appeals. *See* 9th Cir. R. 39-1.6. The rate set for 2020 was $207.78 per hour.[2]

### 2. Analysis

Here, counsel seeks compensation for 50.8 hours of work. Doc. 24-1. Defendant argues that the following reductions are warranted: 1) a 10% global reduction given the routine nature of the issues and Plaintiff's counsel's experience; 2) an 11-hour reduction due to time spent on unfruitful issues; and 3) a 4-hour reduction for time spent on clerical tasks.

### a. Global Reduction of 10%

"Courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012), quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)). Where the overall number of hours expended was reasonable, some courts decline to do a line-by-line review of billing entries for reasonableness.[3] *See Allen v. Berryhill*, Case No. 17-cv-03384-SI, 2019 WL 343422 (N.D. Cal. January 28, 2019) (70.85 hours); *Thompson v. Colvin* (E.D. Cal., Apr. 17, 2015, No. 2:12-CV-01850-AC) 2015 WL 1767733, at *2 (63.4 hours); *Schneider v. Colvin* (E.D. Cal., Feb. 9, 2016, No. 1:14-CV-0034-SKO) 2016 WL 500595, at *4 (55.4 hours)).

---

[2] *See* United States Courts for the Ninth Circuit, Statutory Maximum Rates Under the Equal Access to Justice Act, *available* at https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited June 29, 2021).

[3] Other courts routinely do conduct line-by-line reviews of fee petitions and deduct time sought for non-compensable work and for certain time entry practices. *See e.g., Henderson v. Comm'r of Soc. Sec.*, No. 1:20-CV-0562 JLT, 2021 WL 2457540, at *3 (E.D. Cal. June 16, 2021) (eliminating time entries for duplicative tasks); *Mallard v. Berryhill*, No. 1:17-CV-01212 - JLT, 2019 WL 2389506, at *3 (E.D. Cal. June 6, 2019) (same); *Neil v. Comm'r of Soc. Sec.*, 495 F. App'x 845, 847 (9th Cir. 2012) (unpublished) (affirming reductions for clerical tasks, vague narratives, block billing, and use of quarter-hour billing increments).

The issues litigated in this matter were fairly routine, namely 1) whether the ALJ appropriately addressed Plaintiff's testimony concerning limited use of her right hand in light of clinical evidence of zero grip strength, and 2) whether the ALJ appropriately addressed the impact of the in-home supportive care certification statement on which Plaintiff's physician opined she required assistance with daily activities. The administrative record was also fairly concise at 737 pages. Although 50.8 total hours is perhaps on the higher end for a routine case, it is not facially unreasonable. It is well within the range of reasonableness when compared with fee awards granted in other cases, as cited above. A 10% global reduction is unwarranted.

### b. Time Spent on Unmeritorious Arguments

Defendant argues that reductions are warranted in light of time Plaintiff spent litigating an unfruitful argument, namely the impact of her physician's certification statement for in-home supportive care services. Defendant disputes the following three billing entries:

- 12/3/20 Research "independent" functioning requirement re: SSA standards. 0.75 hours

- 12/3/20-Begin to Incorporate ALJ's ADLs findings into "clear and convincing" and the role of determining "independent functioning" when considering SSA disability-in terms of a substantial evidence argument. 3.25 hours

- 12/4/20 Begin drafting specific and legitimate arguments as related to Dr. Rad's MSS and testimony in terms of "independent functioning." 6.5 hours

In the cases cited by Defendant, the reduction applied for time spent on unmeritorious arguments was predicated on the court's finding that the Commissioner's position was substantially justified on those issues. *See* Opp. At 4 (citing *Henshaw v. Colvin*, No. 1:14-CV-01788-SKO, 2016 WL 3648950, at *1 (E.D. Cal. July 6, 2016) (Defendant filed an opposition asserting that the Commissioner's position was substantially justified, as demonstrated by the Court's remand on only one issue of the "many" raised by Plaintiff on appeal, and requesting a reduction of fees to account for Plaintiff's counsel's "scattershot arguments" and "fail[ure] to winnow the weak arguments and

emphasize the strong ones."); *Davis v. Comm'r of Soc. Sec.*, No. 2:18-CV-2415-WBS-KJN, 2020 WL 4582255, at *4 (E.D. Cal. Aug. 10, 2020) (finding that the Commissioner's position was substantially justified, in part, because "though the court only discussed the first of plaintiff's arguments in detail, it was also noted that the ALJ's remaining analysis appeared well reasoned"), report and recommendation adopted, No. 2:18-CV-2415-WBS-KJN, 2020 WL 5110627 (E.D. Cal. Aug. 31, 2020)).

Here, by contrast, Defendant does not offer an affirmative justification for the position Defendant advanced in response to Plaintiff's third claim of error. Moreover, other precedent suggests courts should not reduce fee awards where a Plaintiff succeeds on some claims while also pursuing unsuccessful claims in good faith. *See, e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983) ("Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised."); *Eastman v. Astrue*, No. 3:11-cv-00701-PK, 2013 WL 1130784 (D. Or. Jan. 25, 2013) *5 (finding all hours were reasonable expended in furtherance of a successful result (remand) even though the court did not accept all of Plaintiff's legal theories).

The one-page in-home supportive care services (IHSS) certification statement completed by Dr. Rad was not the typical medical source statement submitted by physicians in that it did not specifically address Plaintiff's work-related functional capacity. Nevertheless, without the benefit of a physician's opinion on Plaintiff's work-related functionality, counsel attempted to make the most out of the only physician's statement available, namely Dr. Rad's IHSS statement. That document had some theoretical relevance to the RFC insofar as the IHSS statement reflected that Plaintiff was unable to independently perform one or more activities of daily living.

Moreover, it is not unheard of for social security claimants to submit opinions that their physician offered in other contexts. Existing case law also suggests that a physician's opinion

7

should not be rejected solely because it was offered in a different context than social security proceedings, and that an ALJ should apply relevant portions thereof in the social security context. *See, e.g.*, *Booth v. Barnhart*, 181 F. Supp. 2d 1099, 1103 (C.D. Cal. 2002) (holding the ALJ was required to translate the relevant portions of a physician's opinion elicited in a worker's compensation proceeding). Though counsel did not substantiate the notion that any specific work-related restrictions would logically follow if Dr. Rad's IHSS statement was credited as true, counsel should not be penalized for a good faith (albeit unfruitful) attempt at researching and articulating the argument.

   c.   **Clerical Tasks**

Purely clerical or administrative tasks are generally not compensable. *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989); *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009). Purely clerical tasks include summons preparation, service of process, IFP applications, mailing preparations, and ECF downloading or uploading, among others. *Neil v. Comm'r of Soc. Sec.*, 495 F. App'x 845, 847 (9th Cir. 2012) (unpublished); *Hicks v. Comm'r of Soc. Sec.*, No. 217CV02480TLNKJN, 2019 WL 2537953, at *3 (E.D. Cal. June 20, 2019); *Cathey v. Comm'r of Soc. Sec.*, 2013 WL 1694950 at *8 (E.D. Cal. Apr. 18, 2013).

Defendant argues that a 4-hour reduction is warranted for time spent proofreading briefs and checking case citations. The billing narrative in question reads as follows:

- Finalize arguments/check case citations. 4.0 hours

Doc. 24-1 at 2. Defendant's argument is unavailing. Defendant cites no case law in support of the proposition that checking case citations is a purely clerical task, which is a debatable proposition. Defendant cites one unpublished case in support of the proposition that proofreading is a clerical task, but the actual billing entry in question here (as quoted above) does not use the word "proofreading." Rather, it says "finalize arguments," suggesting the review was for substantive

content and not for spelling, grammar or typos.  Thus, it is not clear why Defendant believes the task involved proof reading.  Moreover, four hours is not an unreasonable amount of time for a final round of substantive editing and citation checking of a twenty-page opening brief.

### III.    Order

Accordingly, it is **ORDERED** that Plaintiff's motion for attorney fees (Doc. 24) is **GRANTED.**  Fees in an amount of $10,668.77 are awarded in favor of Plaintiff Christy Ramirez and against Defendant Kilolo Kijakazi, acting Commissioner of Social Security.

Fees shall be made payable to Plaintiff.  The Department of the Treasury shall determine whether Plaintiff owes a federal debt.  If she does not, then the government shall cause the payment of $10,668.77 in fees to be made directly to Plaintiff's Counsel, Jonathan O. Peña, pursuant to the assignment executed by Plaintiff.[4]

IT IS SO ORDERED.

Dated:    **October 26, 2021**                    **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE

---

[4] *See Astrue v. Ratliff*, 560 U.S. 586, 593, 597 (2010).